MEMO ENDORSED Report and Recommendation, 15 Civ. 1556 (PKC)(AJP)

The August 17 conference is cancelled.  I recommend to Judge
Castel that he dismiss this case without prejudice for
plaintiff's failure to prosecute and failure to advise the Court
of his address once he was released from Rikers; the Court has no
way to contact him, and he has not responded to the direction
that he advise the Court of contact information.  Because the
complaint arises from incidents earlier this year at Rikers, and
are subject to a 3 year statute of limitations, the without
prejudice dismissal will not prejudice him.

Dated: New York, New York
       August 12, 2015

                                    SO ORDERED:

Copy ECF: Counsel                   Hon. Andrew Jay Peck
          Judge Castel              United States Magistrate Judge

BY ECF

RECEIVED
AUG 12 2015
CHAMBERS OF
ANDREW J. PECK



ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

CAROLYN K. DEPOIAN
*Assistant Corporation Counsel*
phone: (212) 356-2358
fax: (212) 356-3509
email: cdepoian@law.nyc.gov

August 12, 2015

VIA ECF
The Honorable Andrew Peck
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**
- ATTACHN

Re:   Henry Leo Junior Gonzalez v. Vernon C. Baines Center, et al.,
       15 Civ. 01556 (PKC) (AJP)

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for the City of New York, who is an interested party to this action.[1,2] Pursuant to the Court's July 16, 2015 Order, the City writes to respectfully inform the Court that Plaintiff Henry Leo Junior Gonzalez, proceeding *pro se*, has not updated his address on the Civil Docket sheet. Thus, the City respectfully requests that the initial conference scheduled for August 17, 2015 at 9:30 a.m. be adjourned *sine die*, and that this case be dismissed for plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b). This is the second request for an adjournment of the initial conference, and the first request for the case to be dismissed for failure to prosecute.

---

[1] This case is being handled by Assistant Corporation Counsel Fayola N. Alibey, whose bar admission in New York is pending and who is not yet admitted in the Southern District. Ms. Alibey is handling this matter under my supervision and can be reached at (212) 356-2334.

[2] The City of New York is not named as a defendant in this action. Thus far, the Department of Correction ("DOC") was able identify one individual officer in this case, Officer Anthony Dapolito – Shield # 15209, and the DOC has waived service on his behalf. However, Officer Dapolito's answer or response to the complaint is not due until September 7, 2015, and therefore, this office is still in the process of ascertaining representation of Officer Dapolito.

## Summary of Facts

On May 2, 2015, Plaintiff filed a Second Amended Complaint alleging that on or about January 28, 2015 at 11:00 p.m., while incarcerated at the Vernon Baines Correction Center at Rikers Island, DOC officials used excessive force and were deliberately indifferent to Plaintiff's medical needs. In the Seconded Amended Complaint, Plaintiff alleges that the officials pushed and slapped him in an attempt to order him to go to bed. Plaintiff further alleges that while awaiting treatment at the medical clinic, DOC officials kicked him on his ankles that were already swollen.

## Relevant Procedural History

On June 8, 2015, the Court ordered the City to produce the names of the previously unidentified individual defendants within 60 days.[3] (See Valentin Order, Civil Docket Entry No. 8). To that end, by letter dated June 22, 2015, this office attempted to obtain a New York Criminal Procedure Law § 160.50 release to Plaintiff in an effort to obtain documents relating to this incident that, upon information and belief, were be sealed. Our request for this release was returned to this office as undeliverable.[4] (Letter dated June 22, 2015, attached hereto as Exhibit "A.")

On June 14, 2015 the Court scheduled an initial conference for July 20, 2015 at 10:30 a.m. However, on July 16, 2015 the City requested a thirty day (30) adjournment of the conference because, *inter alia*, the City had been unable to reach Plaintiff. On July 16, 2015, the Court adjourned the conference until August 17, 2015 at 9:30 a.m., and ordered Plaintiff to "advise the Court of his contact information (if the Court cannot find plaintiff, the case may be dismissed)." (Civil Docket Entry No. 16). To date, plaintiff has not done so and this case should be dismissed at this time.

## This Action should be Dismissed for Failure to Prosecute

It is unquestioned that "Rule 41(b) [of the Federal Rules of Civil Procedure] gives the district court authority to dismiss a plaintiff's case for failure to prosecute." See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206 (2d Cir. 2001). Indeed, a grounds for failure to prosecute is the inability of plaintiff to maintain an address with the court as, "[a] case cannot proceed without a current address for the plaintiff." Laney v. Ramirez, No. 10 Civ. 9063, 2011 U.S. Dist. LEXIS 147770 at * 1 (S.D.N.Y. Dec. 22, 2011); Concepcion v. Ross, No. 92 Civ. 770 (ILG), 1997 U.S. Dist. LEXIS 18616, at *3-4 (E.D.N.Y. Oct. 27, 1997) (holding that the responsibility

---

[3] The Court also noted in its June 8, 2015 Order that "on May 12, 2015, Plaintiff was released by the New York City Department of Correction ('DOC') into the custody of an undisclosed state hospital. Plaintiff has not informed the Court of the change of his mailing address."

[4] Moreover, plaintiff has not provided any telephone number by which he can be contacted.

for keeping the court updated as to changes of address under Local Civil Rule 1.3(d) is applicable to a *pro se* plaintiff).

While the Second Circuit has "acknowledged that dismissal is a 'harsh remedy to be utilized only in extreme situations,'" it has also emphasized that such a measure is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In reviewing a dismissal for failure to prosecute, the Court must determine whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Brow v. City of New York, 391 F. App'x 935, 936 (2d Cir. 2010) (citation omitted). No one factor is dispositive. Id.

Here, applying the Brow factors strongly favors a dismissal of this action. Upon information and belief, plaintiff, proceeding *pro se*, was released from the Department of Corrections on May 12, 2015, and thus, plaintiff had almost three months to update the Court of his new address. All of the City's efforts to contact Plaintiff since the City has been involved in the suit have been in vain. (Notice of Appearance dated June 23, 2015, Returned, attached hereto as Exhibit "B"; New York City Waiver of Service dated July 13, 2015, Returned, attached hereto as Exhibit "C"). Moreover, defendants have been unable to comply with the Court's aforementioned Valentin Order, because as previously mentioned, our request for a New York Criminal Procedure Law § 160.50 release from Plaintiff was similarly returned to defendants as undeliverable. See Exhibit A.

Finally, because Plaintiff is claiming physical injuries, defendants require access to Plaintiff's medical records in order to properly defend this action. In an effort to obtain Plaintiff's relevant medical records, the City also attempted to mail a blank Health Insurance Portability and Accountability Act of 1996 ("HIPAA") release, however, this release was also returned as undeliverable, and thus the City has not been able to obtain any of Plaintiff's medical records to evaluate Plaintiff's injuries, if any. Id. Requiring the City to defend this action without the benefit of Plaintiff's participation will continue to prejudice defendants.

Plaintiff has not provided any explanation as to why he has not updated the Civil Docket sheet with his recent contact information. Plaintiff's unavailability makes it impossible for the Court to impose lesser sanctions, and thus dismissal pursuant to Fed. R. Civ. P. 41(b) appears to be the only remaining viable remedy.

Accordingly, for the reasons set forth herein, the City respectfully request that the court adjourn the initial conference *sine die*, and dismiss this action in its entirety pursuant to Fed. R. Civ. P. 41(b), for plaintiff's failure to prosecute this matter.

Thank you for your consideration of this request.

Respectfully submitted,

/s
Carolyn K. Depoian
Assistant Corporation Counsel

4

**EXHIBIT A**

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

NEW YORK
MY 100
30 JUN '15
PM 15 L

Henry Gomez

**RETURN TO SENDER**

FOR POLICE & FIRE EMERGENCY ONLY
DIAL 911

# DISCHARGED

post-consumer material.



**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

ZACHARY W. CARTER
*Corporation Counsel*

KATIE V. TRUJILLO
212-356-2363
Fax: 212-356-3509
ktrujill@law.nyc.gov

June 22, 2015

Henry Leo Junior Gonzalez  (241-15-00563)
Plaintiff PRO SE
15-15 Hazen Street H-A 3 Main- A Cell # 6 GMDC
East Elmhurst, NY 11370

Re:  Henry Leo Junior Gonzalez vs. C.O. Smith, et al 15CV01556

Dear Mr. Gonzalez:

This office is in receipt of the complaint in the above-referenced action.  Because the criminal charges against you were allegedly dismissed, all records pertaining to your arrest have been sealed pursuant to CPL §§ 160.50 and 160.55.  In order for this lawsuit to proceed, the records pertaining to the arrest must be unsealed.  Enclosed please find a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL §§ 160.50 and 160.55."

Please execute the designation before a notary public and return the release to me within one week of the above date.  On the designation, you must provide the complete title of the proceeding, the date of the arrest and the docket or indictment number in the spaces provided. Until the executed designation is received by this office, we cannot secure the relevant documents.  Consequently, we will not be able to properly assess this case, or to timely respond to the complaint or discovery requests.  Your failure to promptly return this release will unduly delay this litigation.  If you have any questions, please do not hesitate to call me.

Thank you for your attention to this matter.

Very truly yours,

KATIE V. TRUJILLO
Paralegal
Special Federal Litigation Division

Enc.
cc:    Fayola N. Alibey
       Assistant Corporation Counsel

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, Henry Leo Junior Gonzalez, Date of Birth ____/____/____ SS# _____-_____ pursuant to CPL §§ 160.50 and 160.55, hereby designate ZACHARY W. CARTER, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v.Henry Leo Junior Gonzalez, Docket No. or Indictment No. _____, in _____ Court, County of _____, State of New York, relating to my arrest on or about _____, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

_____
Henry Leo Junior Gonzalez

STATE OF NEW YORK, )
                    : SS:
COUNTY OF          )

On this _____ day of _____, 2015, before me personally came Henry Leo Junior Gonzalez, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC



**The City of New York**
ZACHARY W. CARTER                    **LAW DEPARTMENT**                    KATIE V. TRUJILLO
*Corporation Counsel*                    100 CHURCH STREET                          212-356-2363
                                    NEW YORK, N.Y. 10007                        Fax: 212-356-3509
                                                                            ktrujill@law.nyc.gov

June 22, 2015

Henry Leo Junior Gonzalez   (241-15-00563)
Plaintiff PRO SE
15-15 Hazen Street H-A 3 MAin- A Cell # 6 GMDC
East Elmhurst, NY 11370

Re:   Henry Leo Junior Gonzalez vs. C.O. Smith, et al 15CV01556
Dear Mr. Gonzalez:

This office is in receipt of the complaint in the above-referenced action.   The complaint alleges physical and/or emotional injuries as a result of the incident described in the complaint.   In order for this lawsuit to proceed, the medical records pertaining to the incident described in the complaint must be available to defendants.   Enclosed please find a medical release form.

Please execute the release before a notary public and return the release to me within one week of the above date.   On the release, you should provide the name and address of the medical provider, the date or dates of treatment, your social security number and your date of birth.   The social security number and the date of birth are needed so that the medical provider can identify the proper records, which concern your treatment.   Until the executed release is received by this office, we cannot secure the relevant medical records.   Consequently, we will not be able to properly assess this case, or proceed to discovery.   Your failure to promptly return this release will unduly delay this litigation.   If you have any questions, please do not hesitate to call me.

Thank you for your attention to this matter.

Very truly yours,

KATIE V. TRUJILLO
Paralegal
Special Federal Litigation Division

Enc.
cc:   Fayola N. Alibey
      Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

Henry Leo Junior Gonzalez,

**AUTHORIZATION TO**
Plaintiff,       **DISCLOSE MEDICAL**
**INFORMATION**

-against-

15CV01556

C.O. Smith, et al,

Defendants

------------------------------------------------------------------------x


TO: _____
       NAME AND ADDRESS OF MEDICAL PROVIDER


       I authorize the use and disclosure of HENRY LEO JUNIOR GONZALEZ'S
health information as described below.

       **YOU ARE HEREBY AUTHORIZED** to furnish to ZACHARY W. CARTER,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire medical
or hospital record of HENRY LEO JUNIOR GONZALEZ (Date of Birth:_____;
SS #:_____) who was examined or treated in your hospital or by you on or about
_____.

       The medical record authorized for release includes any and all x-rays of said
person and any and all diagnostic tests, studies, or reports of examinations relating to such
person.

       I understand that the information in my health record may include information
relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human
immunodeficiency virus (HIV). It may also include information about behavioral or mental
health services, and treatment for alcohol, and drug abuse.

       This information may be disclosed to and used by the following organization:
The Office of the Corporation Counsel
100 Church Street
New York, NY 10007
for the purpose of defense of civil litigation

       I understand I have the right to revoke this authorization at any time. In
understand if I revoke this authorization I must do so in writing and present my written
revocation to the health information management department. Unless otherwise revoked, this
authorization will expire on the following date, event or condition:_____. If I
fail to specify an expiration date, event or condition, this authorization will expire in six months.

I understand that authorization the disclosure of this health information is voluntary, I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated:      New York, New York
            _____, 2015

                              _____
                              HENRY LEO JUNIOR GONZALEZ

STATE OF NEW YORK      )
                       :  SS:
COUNTY OF _____    )

        On the _____ day of _____, 2015, before me personally came and appeared HENRY LEO JUNIOR GONZALEZ, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

                              _____
                              NOTARY PUBLIC

**HHC**

**NYCHHC HIPAA Authorization to Disclose Health Information**

ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |

| NAME OF HEALTH PROVIDER TO RELEASE INFORMATION | SPECIFIC INFORMATION TO BE RELEASED: Information Requested_____ Treatment Dates from_____ to_____ |
|---|---|

| NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO WILL BE SENT | INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information) Please note: unless all of the boxes are checked, we may be unable to process your request. |
|---|---|

☐ Alcohol and/or Substance Abuse Program Information      ☐ Mental Health Information

☐ Genetic Testing Information      ☐ HIV/AIDS-related Information

| REASON FOR RELEASE OF INFORMATION | WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one) |
|---|---|

☐ Legal Matter   ☐ Individual's Request

☐ Other (please specify):_____

☐ Event:_____   ☐ On this date:_____

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations   if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to **ALCOHOL or SUBSTANCE ABUSE, GENETIC TESTING, MENTAL HEALTH,** and/or **CONFIDENTIAL HIV/AIDS RELATED INFORMATION,** this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a  Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for   obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

*I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.*

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| DATE | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

NYCHHC HIPAA Authorization 2413, Revised 00-05



OCA Official Form No.: 960

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Patient Address | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT,** except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent:

9(a). Specific information to be released:
☐ Medical Record from (insert date) _____ to _____ (insert date)

☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

☐ Other: _____     Include: (Indicate by Initialing)

_____     _____ **Alcohol/Drug Treatment**

_____     _____ **Mental Health Information**

_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____     I authorize _____
                    Initials                                  Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____          Date: _____
Signature of patient or representative authorized by law.

\*  Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

Instructions for the Use
of the HIPAA-compliant Authorization Form to
Release Health Information Needed for Litigation

This form is a product of a collaborative process between New York State Office of Court Administration, representatives of the medical provider community in New York, and the bench and bar, designed to produce a standard official form that complies with the privacy requirements of the federal Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations, to be used to authorize the release of health information needed for litigation in New York State courts. It can, however, be used more broadly than this and be used before litigation has been commenced, or whenever counsel would find it useful.

The goal was to produce a standard HIPAA-compliant official form to obviate the current disputes which often take place as to whether health information requests made in the course of litigation meet the requirements of the HIPAA Privacy Rule. It should be noted, though, that the form is optional. This form may be filled out on line and downloaded to be signed by hand, or downloaded and filled out entirely on paper.

When filing out Item 11, which requests the date or event when the authorization will expire, the person filing out the form may designate an event such as "at the conclusion of my court case" or provide a specific date amount of time, such as "3 years from this date".

If a patient seeks to authorize the release of his or her entire medical record, but only from a certain date, the first two boxes in section 9(a) should both be checked, and the relevant date inserted on the first line containing the first box.

**EXHIBIT B**

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007




N.Y. 100
24 JAN 15
RM 12 L

ZIP 10007  $
02 1R
000'385654.





FOR POLICE & FIRE EMERGENCY ONLY
DIAL 911

i1370138318

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x

HENRY GONZALEZ,

**NOTICE OF**
Plaintiff,             **APPEARANCE**

-against--

15 CV 01556 (PKC) (AJP)

MISSES SMITH ET AL.,

Defendants.

-----------------------------------------------------------------------------x

**PLEASE TAKE NOTICE** that **Carolyn K. Depoian**,[1] Assistant Corporation

Counsel, should be listed as counsel of record on behalf of the interested party, Office of the

Corporation Counsel. All future notifications should be forwarded to the undersigned and copied

to ecf@law.nyc.gov.

Dated:      New York, New York
            June 23, 2015

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                        City of New York
                        *Attorney for Defendant City*
                        100 Church Street
                        New York, New York 10007
                        (212) 356-2358

            By:                    /s/
                        Carolyn K. Depoian

To:  Henry Gonzalez (by First Class Mail)
     ID # 241-15-00563
     Rikers Island – A.M.K.C
     C-71
     18-18 Hazen Street
     East Elmhurst, NY 11370

---

[1] This case is being handled by Assistant Corporation Counsel Fayola Alibey, whose bar admission in New York is pending and who is not yet admitted in the Southern District. Ms. Alibey is handling this matter under supervision and can be reached at (212) 356-2334.

**EXHIBIT C**

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Henry Leo Junior Gonzalez | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 15 Civ. 1556 (PKC) (AJP) |
| Vernon C. Bain Center et al., | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Henry Leo Junior Gonzalez
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____07/13/2015_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____07/13/2015_____

_____/s/_____
*Signature of the attorney or unrepresented party*

City of New York
*Printed name of party waiving service of summons*

Carolyn S. Depoian
*Printed name*

100 Church Street, Room 3-211
New York, NY 10007

*Address*

cdepoian@law.nyc.gov
*E-mail address*

(212) 356-2358
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

FIRST CLASS

U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 10007  **$ 000.48⁵**
02 1Y
0001385654 JUL 13 2015

Depor~

**FOR POLICE & FIRE EMERGENCY ONLY**
**DIAL 911**